### J. M. BROWN v. W. E. ROBERTS ET AL.
#### No. 6360.

1. **Stale Demand—Locative Interest.**—A contract for a locative interest with power to enter upon the land and to sell the stipulated interest, made in 1837 and sued upon in 1887, is subject to the defense of stale demand; no possession being shown under the contract, nor matters excusing the delay.

2. **Practice in Supreme Court.**—Where a plaintiff appealing fails to show a *prima facie* case in his behalf to have been made upon the trial, the court, on appeal, will not consider alleged errors of the court in admitting testimony in behalf of the defendants in the court below.

APPEAL from Wichita. Tried below before Hon. J. W. Patterson, Special District Judge.

March 7, 1837, the following contract was executed:

"*Republic of Texas, County of San Augustine.*—Know all men by these presents, that Moses F. Roberts of said county and Republic has this day nominated, constituted, and appointed, and by these presents do nominate, constitute, and appoint Wm. W. Gant, of said Republic, and Washington County, my true and lawful attorney for me and in my name to ask for, demand, and receive of the government a title to all the land which I am entitled to receive from said government as my headright for one league of land, be the same more or less. And I hereby authorize and empower my said attorney to take possession of said land and title to the same, which the said Wm. W. Gant is fully authorized to hold, use, enjoy, sell, and dispose of 1796 acres of said land at his own pleasure as his own, acquired by a just and legitimate title to him and his heirs or assigns forever; and I, the said Moses F. Roberts, do hereby acknowledge that any gift, grant, or conveyance of 1796 acres of said land made and executed by my attorney will forever bind myself, my heirs, and assigns, as though I were personally present, he *attending* the same; the said Wm. W. Gant will, however, be required to defray the expenses thereon. And I, the said Moses F. Roberts, do hereby authorize and empower my said attorney to appoint one or more attorneys under him to assist him in foregoing matter. And I, the said Roberts, do bind myself, my heirs, and assigns, with all my property both present and future, to satisfy all the acts my said attorney may do touching the above matter. And I hereby declare the power herein given and granted to remain irrevocable.

"In testimony whereof, I have hereunto set my hand and seal, this 7th day of March, 1837.

[Signed]                                    "MOSES F. ROBERTS.
"JOHN J. GANT.
"E. J. WOOTHAM."

In 1860 the Roberts league of land was patented to H. W. Merrell, assignee, and who had located the land.

Suit was brought October, 1887, by Brown, the appellant, holding under Gant, the party with Roberts in the contract set out. Roberts died in 1886.

The defendants held under a decree against Merrell in which the heirs of Roberts' wife had recovered her community half of the league.

The defendants pleaded limitation and stale demand. Judgment was for the defendants, and plaintiff appealed.

*Geo. S. Walton, Walton, Hill & Walton* and *W. G. Eustis*, for appel-

lant.—1.  The court erred in rendering judgment for defendants ,because the evidence showed plaintiff entitled to the land in controversy, and that as to the heirs of Moses F. Roberts he held both the legal and equitable title to same, and the said heirs, defendants, showed no legal or equitable title superior to plaintiff's.   66 Texas, 271; 57 Texas, 67; 43 Texas, 640; 1 Posey's U. C., 335; 67 Texas, 225; 60 Texas, 447; 63 Texas, 131; 23 Texas, 36; 1 Posey's U. C., 1:

2.   The power of attorney and warranty deed from M. F. Roberts to W. W. Gant was a binding contract and sale between the parties thereto, and the subsequent sale by the vendor to a second vendee, and the patenting of the land to the second vendee, only invests in him the naked legal title, and the same is held in trust for the benefit of the first vendee, and the stale demand does not apply.   52 Texas, 395; 50 Texas, 170; 48 Texas, 89; 45 Texas, 423; 1 Posey's U. C., 662; 58 Texas, 235; 45 Texas, 640; 61 Texas, 166; 55 Texas, 110.

*A. K. Swan,* for appellees.—The instrument under which appellant claims is an executory contract, and was barred by lapse of time long before this suit was instituted.   Wilson v. Simpson, 68 Texas, 306; Dull v. Blum, Id., 299; Johnson v. Newman, 43 Texas, 639, 640.

ACKER, PRESIDING JUDGE.—Appellant brought this suit in October, 1887, in trespass to try title to an undivided seventeen hundred and ninety-six acres of land in the Moses F. Roberts survey of one league.

On the 7th day of March, 1837, Moses F. Roberts executed an instrument empowering W. W. Gant to demand and receive title from the government for all land he was entitled to receive as his headright, and to take possession of the title and land so received, and giving to Gant, with full right of disposition as his own, 1796 acres of the land; Gant to pay all expenses thereon.

W. W. Gant died early in 1840, leaving no children, but leaving a widow, Harriet E., to whom he bequeathed all of his property by will duly probated the latter part of 1840.   Appellant married the widow of Gant in 1841, and she died in 1862, leaving no descendants, and bequeathed by duly probated will all of her estate to the appellant.

Appellant testified that he had held the power of attorney from Roberts to Gant since 1841; that he found it among Gant's papers when he married Mrs. Gant, and that he claimed a locative interest in the land under that instrument.

The Moses F. Roberts headright certificate for a league and a labor was issued on the 1st day of February, 1838, and the duplicate certificate was issued to Roberts on the 6th day of September, 1855.   On the same day a certificate for unlocated balance of one league was issued to Roberts, by

virtue of which the land in controversy was located in 1858 by H. W. Mer-- rell, to whom the patent was issued as assignee in 1860.

In 1882 appellees, as heirs of their mother, who died in 1839, and who was the wife of Moses F. Roberts from 1832 to her death, recovered judg-- ment against the patentee, H. W. Merrell, for one-half of the league, which was partitioned by giving them the east half and Merrell the west half of the league. Moses F. Roberts died in 1886. Merrell was not a party to this suit. The trial was without a jury, and judgment rendered that plaintiff take nothing by his suit and pay costs.

Under numerous assignments of error it is contended that the court erred in rendering judgment for defendants, but we do not think so.

There was no evidence adduced upon the trial tending to show that Gant ever obtained the certificate, caused any part of it to be located, or did anything toward carrying out his contract with Roberts, upon which his right to the 1796 acres of land depended. Plaintiff held the instrument in his possession for forty-six years, and nearly thirty years after the certificate was located by Merrell, without asserting any right under it.

We think the plaintiff failed to make a case that entitled him to recover, and that the court did not err in rendering judgment for defendants.

Several of the assignments of error relate to rulings of the court on objections made by plaintiff to evidence offered by defendants. What we have said disposes of these assignments, as it devolved on plaintiff to show title in himself, and until he made a *prima facie* case defendants were not required to offer any evidence at all.

We are of opinion that the judgment of the court below is correct and should be affirmed.

*Affirmed.*

Adopted November 12, 1889.